FRANK STAS ET AL., PLAINTIFFS-RESPONDENTS, v. NATIONAL SLOVAK SOCIETY, ETC., ET AL., DEFENDANTS-APPELLANTS.

Argued January 18, 1927—Decided June 27, 1927.

Fraternal Societies—Death Benefits—Plaintiffs' Decedent Had Had Paid Him on Account of a Death of a Former Wife $300, and Society Claimed This Amount Deductable From the $500 Due His Beneficiaries Upon His Death—Contract Examined, and Held, That as the By-laws Stood at the Time Payment was Made, the Payment was in Addition to the Benefit Accruing at the Time of the Death of the Member.

On appeal from a judgment of the Perth Amboy District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *William J. Cain.*

For the respondents, *Stephen F. Somogyi.*

PER CURIAM.

This is an appeal from a judgment of the Perth Amboy District Court. The suit was instituted by three children of Joseph Stas, deceased, to recover from the defendants a death benefit. The National Slovak Society (one of the defendants) is a fraternal organization. It is the parent body. The parent body chartered subordinate bodies or branches. The other defendant is St. Mark's Assembly, No. 91, of the National Slovak Society. This is a branch of the parent body located in Perth Amboy. Joseph Stas was a member in good standing of the parent body and said branch when he died on February 11th, 1919. The constitution and by-laws of the defendants provided for the payment of $500 when a member died. This sum was not paid and the beneficiaries instituted suit. It developed at the trial that $125 had been paid to the widow of Joseph Stas. A judgment of $375 and interest was rendered in favor of the three children of Joseph Stas, the plaintiffs.

The contention made at the trial in behalf of the defendants is that in the year 1895 there had been paid to Joseph Stas at the time of the death of his first wife the sum of $300, and that this amount was deductible from the death benefit of $500. The by-laws in existence in the year 1895 provided as follows:

"In the event of the death of the wife of a fellow-member, such widowed member shall receive from the National Slovak Society $300, which benefit shall be paid to such members only who are six months in the society."

In the year 1901 there was a change made in the by-laws. To the time of the change in 1901 a death benefit of $600 was paid to the beneficiary of a member on his death, and a benefit of $300 was paid to a member on the death of his wife. The change of 1901 provided for a payment to a member of $250 on the death of his wife, and expressly provided that the same was a payment on account of his death benefit of $750, and that on the member's death his beneficiary should receive the balance of $500.

Joseph Stas had issued to him January 1st, 1910, a certificate to the effect that a death benefit not to exceed the sum of $500 was to be paid his beneficiary out of the mortuary fund. This certificate contained the following provision:

"That if said member, during his lifetime, received any loan or advancement from the National Slavonic Society on account of his death benefit, in accordance with the constitution and by-laws in force and effect at any time prior to and before December 31st, 1909, then the amount or amounts so loaned or advanced shall be first deducted from the full amount of the death benefit herein mentioned."

Under this provision the defendants-appellants insist that the $300 paid to Joseph Stas in 1895, when he lost his first wife, was a loan or advancement on account of his death benefit.

We think this contention is without merit. The death benefit referred to in the certificate of 1910 is the death benefit of the member under that certificate. There was no evidence that any loan or advancement had been made to Joseph Stas on account of the death benefit to be paid in accordance with the terms of the 1910 certificate. In 1895 there was a separate benefit given to a member if he lost his wife. This provision had no relation to the situation either expressed in the certificate of January 1st, 1910, or in the by-laws of 1901. The certificate is the contract. This cannot be changed so as to reduce the amount of the death benefit. *O'Neill* v. *Supreme Council,* 70 *N. J. L.* 410.

The judgment is affirmed, with costs.